ARCADIO ORTIZ HERNÁNDEZ, Petitioner, *v.* DISTRICT COURT OF ARECIBO, R. AGRAÍT ALDEA, JUDGE, Respondent.

No. 345. Argued January 13, 1941.—Decided February 19, 1941.

*Diego E. Ramos,* for petitioner. The respondent judge appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The question to be decided is whether a district judge, in a suit for the collection of money brought under Act No. 10 of 1921 (page 112) and appealed from a municipal court, has to deliver and file a written opinion at the time of rendering judgment, as required by Section 227 of the Code of Civil Procedure, and in case he refuses to do so whether he can be compelled to so act through a writ of mandamus.

It appears from the record that Arcadio Ortiz Hernández filed in the Municipal Court of Arecibo a complaint for the collection of money under Act No. 10 of 1921, against Fermín V. Cachola, alleging that the defendant acted as a municipal judge in a suit brought against the plaintiff and held that he had no jurisdiction over the same because it appeared that the offense had been committed in a municipal district which was not his own, and that in spite of that, the defendant, illegally, wilfully and arbitrarily and with the intention of depriving him of his liberty detained him in the court room for a period of forty-five minutes, causing him damages to the amount of $100.

The case was appealed to the District Court of Arecibo, the trial being held on October 31, 1940, and the same day the court rendered its judgment on the following terms: "Having considered the evidence offered at the trial, the court renders judgment for defendant, with costs against the plaintiff."

On the following day plaintiff asked the court to set forth the grounds for its decision and the court refused to do so. Plaintiff insisted, with the same result. He then filed this petition for a writ of mandamus before this Court. The writ was issued, and the hearing was held on the 13th of January.

In his answer, the district judge maintains that Section 227 of the Code of Civil Procedure does not cover the special cases brought under Act No. 10 of 1921 (page 112)

as amended by Act No. 34 of 1937 (page 154) and in our opinion he is right.

It is true that Section 227 of the Code of Civil Procedure as it was amended in 1925, (Act No. 25, 1925, page 154), refers to "the final hearing of any case in a district court" and that said Section as amended is of a later date than Act No. 10 of 1921, but construing this Section in the light of reason, we conclude that it was not the intention of the Legislature, on approving it, to hinder the speed with which it had previously endowed the small claims which it regulated by its Act of 1921, as it would necessarily have to happen if said actions were governed by Section 227.

All the provisions which the Special Act of 1921 contains tend to accelerate the proceedings. The terms are shortened and the trials in the municipal court as well as in the district court are not included in the ordinary docket, the trial held in the district court having to follow the procedure established by the Special Act. For that reason, the judgment should be rendered on the same day or in the following day.

Besides, as no appeal can be taken to the Supreme Court from the judgment rendered by the district court, the principal reason which the Legislature had in requiring the filing of an opinion, does not exist.

Of course, in deciding that the filing of an opinion is not compulsory in cases of this nature, we do not wish to induce the court not to deliver it. On the contrary, we believe that the court should do it in as many cases as possible, since experience shows how beneficial it is to the cause of justice that judges should always reason the judgments which they render.

The writ issued is annulled and the petition is denied.